IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–02185–LTB–MJW

RMES COMMUNICATIONS, INC.,

    Plaintiff,

v.

QWEST BUSINESS & GOVERNMENT SERVICES, INC., a Colorado corporation; PREMISYS SUPPORT GROUP, INC., a Colorado corporation; OLIVER P. SALAZAR, an individual, in his personal capacity; PAUL JOHNSON, an individual, in his personal capacity; SHARON SEVY, an individual in her personal capacity; and STEVE KELLER, an individual in his personal capacity,

    Defendants.

---

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on Plaintiff's "Motion for Temporary Restraining Order" filed as an attachment to Defendants' Notice of Removal of Civil Action to the United States District Court. Rule 65(b) of the Federal Rules of Civil Procedure governs consideration of such motions. It provides, in pertinent part, as follows:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified company that immediate and irreparable injury, loss, or

> damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

After reviewing the motion, the complaint, the affidavits, and other materials on file, this court is not persuaded "that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or party's attorney can be heard in opposition." It appears from the papers that a contract between Plaintiff and one of the Defendants expires today, October 31, 2005. Defendants propose not to renew that contract. Instead, they propose to make other arrangements for obtaining the services heretofore provided by Plaintiff. In its motion, Plaintiff claims that Defendants have thereby breached the contract. It is Plaintiff's further claim that Defendants' actions are either (1) motivated by discrimination prohibited under federal law, (2) taken by Defendants in retaliation for previous complaints of discrimination pursued by Plaintiff, or (3) both. The affidavits supplied by Plaintiff claim a history of racial and/or sexual and/or national origin discrimination by one or more of the Defendants.

It is this court's general understanding of the law that harm is neither immediate nor irreparable if it is the type of harm that could be compensated by money damages. Although the Motion for a Temporary Restraining Order does allege the conclusion that Plaintiff will suffer real, immediate, and irreparable harm if the contract is not renewed, the Court is not persuaded by this bare-boned conclusion. If fact, it appears that the harms Plaintiff is likely to suffer are ones which are commonly compensated by an award of money damages in cases involving discrimination or breach of contract.

Plaintiff has not filed a motion for preliminary injunction, although the Motion for Temporary Restraining Order appears to ask that the putative order be "converted to a preliminary injunction." Assuming that Plaintiff seeks a preliminary injunction, counsel should file a motion to that effect and contact the chambers of Chief Judge Lewis T. Babcock to obtain a date and time for hearing on such a motion. (This case was assigned by random draw to Chief Judge Babcock, and this court is considering the Motion for Temporary Restraining Order only because Chief Judge Babcock is not available to hear this emergency matter.)

In accordance with the findings and conclusions stated herein,

IT IS ORDERED that the Motion for Temporary Restraining Order be DENIED.

DATED and issued this 31st day of October, 2005.

BY THE COURT:

/s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge